## LUNDBORG & CO., Inc., v. WHITE, Collector of Internal Revenue.

### No. 5312.

#### District Court, D. Massachusetts.
#### May 24, 1933.

Linwood M. Erskine, of Worcester, Mass., for plaintiff.

J. Duke Smith, Sp. Asst. to U. S. Atty., and Frederick H. Tarr, U. S. Atty., both of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is a suit to recover the full amount of income taxes paid by the plaintiff for the taxable year ending September 30, 1927.

The plaintiff duly filed a return of its income for the taxable period which showed a gross income of $48,622.79 and a net income of $12,259.26, upon which it paid a tax of $1,-333.70. It also paid an additional assessment of $366.65. Subsequently it was discovered that the bookkeeper who had prepared the figures for the return had made an error in her determination of the inventory at the close of the fiscal year. This mistake was due to the fact that the bookkeeper used a formula for obtaining the inventory at the beginning of the year instead of the correct formula for ascertaining the inventory at the end of the year. As a result of this, the return in item 2 (c) showed the inventory at the end of the year to be $54,259.32, whereas the correct amount should have been $41,080.-98. In other words, item 3, gross profits from trading or manufacturing, should have been $33,296.39 instead of $46,474.73, which was the amount shown on the original return.

An amended return was filed showing the correct amounts of gross profits from trading and manufacturing and a net income of $1,795.85, which was less than the $3,000 exemption granted to domestic corporations. According to the amended return, therefore, no tax was due from this plaintiff for the year 1927. Claim for refund was duly filed and rejected and the suit seasonably brought.

The plaintiff was incorporated in 1921 and made its first return for the fiscal year ending September 30, 1922. An estimated inventory was adopted when the books of the corporation were opened. This estimated inventory was based upon long experience in this particular business and was reached by taking 60 per cent. of the gross sales as the cost of the goods sold. The same method was employed for estimating the inventory for the year 1926, as well as prior years, and it appeared that the estimate was entirely fair to the government as shown by subsequent physical inventories.

The reduced income in the amended return did not result from any change of the method employed by the plaintiff in ascertaining its closing inventory but was wholly due to a corrected application of the same method. I am satisfied that the amended, rather than the original, return reflected the true income of the plaintiff. There is no suggestion that the Internal Revenue Department had required physical inventories to be taken by this taxpayer.

It appeared in evidence that the plaintiff adopted the customary way of determining an inventory according to accounting practice where there was no physical inventory. The accuracy of this method was checked by taking the average cost of goods sold for a period of ten years. The results showed that the average cost during that period was 60.9 per cent.

The method of obtaining the inventory at the end of the fiscal year meets the requirements of the law that it shall clearly reflect the income of the corporation, and it is not incompatible with the regulation relating to returns of trading corporations. No objection to the method was made at any time so far as the evidence discloses.

The error of the bookkeeper is obvious, and my attention has been called to no regulation or principle of law which would justify the government in now compelling the plaintiff to hold to the erroneous amounts appearing in the original return or in retaining a tax which was clearly not due and for which a claim was duly made and pressed.

The plaintiff is entitled to recover according to its amended declaration.

Both parties have filed requests for findings and rulings.

Respecting plaintiff's requests for findings of fact, I grant all of said requests except

the sixth, and in response to that request I find that the plaintiff made a "closed agreement" with the Treasury Department for the years 1925 and 1926 covering plaintiff's federal income tax returns.

I grant plaintiff's requests for rulings of law.

Respecting the defendant's requests for findings of fact, I grant requests Nos. 3 and 6. The remaining requests are denied.

Defendant's requests for rulings of law are denied.